THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NINGBO PORT ZHONNGDI LUGGAGE MANUFACTURING LIMITED,<br><br> Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br> Defendants. | Case No. 1:24-cv-05031<br><br>Honorable LaShonda A. Hunt<br><br>Mag. Judge Young B. Kim |

**RESPONSE IN OPPOSITION TO PRELIMINARY INJUNCTION**

NOW COME Defendants, INFANS, Gymax LLC, GoPlusUS, Costzon, and Honeyjoy (collectively, the "Objecting Defendants"), by and through their undersigned attorneys, and respectfully request this Honorable Court deny Plaintiff's motion for a preliminary injunction.

### I. FACTUAL BACKGROUND

Ningbo Port Zhonngdi Luggage Manufacturing Limited ("Plaintiff") initiated this lawsuit on June 18, 2024 by filing a lawsuit in the name of Plaintiff "John Doe," without seeking leave to do so. [Dkts. 1, 6]. Plaintiff filed an Amended Complaint—albeit late—on July 19, 2024 [Dkt. 9], and moved for a Temporary Restraining Order ("TRO") on July 23, 2024 [Dkt. 15]. This Court granted the TRO on July 24, 2024 [Dkt. 20] and signed the Order on July 29, 2024 [Dkt. 21]. In the Minute Entry identifying reasons for granting the TRO, the Court found, *inter alia*, that:

- "Plaintiff's written submissions establish that if defendants were informed of this proceeding before a TRO could issue, assets would likely be redirected…."

1

- "[T]he submitted evidence establishes a likelihood of success on the merits...."
- "[T]he harm to plaintiff is irreparable and cannot be fully compensated by money damages."

[Dkt. 20].

Plaintiff effectuated the TRO by instructing the eCommerce stores such as Amazon and Walmart to freeze the financial accounts of the defendants in this Schedule A lawsuit, which includes the accounts of the Objecting Defendants that were frozen in view of the TRO. The Objecting Defendants were, therefore, fully apprised of the filing of this lawsuit.

The TRO was set to expire on August 12, 2024, under the Federal Rules of Civil Procedure. On August 12, 2024, the Court denied an extension to the TRO because Plaintiff again missed a deadline and failed to post a timely bond. [Dkt. 24]. Plaintiff alleges that it informed the eCommerce platforms that the TRO was not extended [Dkt. 26, p. 2], thereby informing the platforms to unfreeze the previously frozen accounts.

Now, even after these several unforced errors, Plaintiff requests this Court to re-freeze the financial accounts, simply and inaccurately alleging without evidence that "if the asset freeze is not continued for the duration of these proceedings, Defendants will most likely simply move their assets to unreachable accounts." [Dkt. 26, p. 5].

## II.  LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Goodman v. Illinois Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (*quoting Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (internal punctuation omitted).

The standard for seeking a preliminary injunction requires that Plaintiff establish by a clear showing that "(1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted." *Ty, Inc. v. Jones Grp. Inc.*, 237 F.3d 891, 895 (7th Cir. 2001) (internal citations omitted). "If the court is satisfied that these three conditions have been met, then it must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Id.*

Importantly, the movant "bears the burden of persuasion with regard to each factor in the preliminary injunctive relief analysis," and if it "fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." *Smith v. Foster*, Case No. 16-cv-84-pp, 2016 WL 2593957, at *3 (E.D. Wis. May 5, 2016) (*quoting Cox v. City of Chicago*, 868 F.2d 217, 219–23 (7th Cir. 1989)). In order to meet its burden, Plaintiff must support its motion "with evidence" to satisfy "each of the[] elements" required to obtain injunctive relief. *Merritte v. Kessell*, Case No. 12-cv-00263-JPG-PMF, 2015 WL 1775777, at *2 (S.D. Ill. Apr. 16, 2015); *see also, e.g.*, *Air Serv Corp. v. Serv. Emps. Int'l Union, Loc. 1*, 225 F. Supp. 3d 745, 747–48 (N.D. Ill. 2016) (noting that the moving party "must show that it will suffer irreparable harm"). If the movant meets these requirements, the Court must then weigh, using a sliding scale, the harm the movant will suffer without an injunction against the harm the non-movant will suffer if an injunction is issued. The more likely the movant is to win, the less heavily need the balance of harm weigh in its favor; conversely, the less likely the movant is to win, the more the balance must weigh in its favor. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). Such injunctive relief is "never awarded as of right," and the Court "must balance the competing claims of injury and must consider the effect on each party." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

3

## III. ARGUMENT

Plaintiff purports to seek a continuance of their TRO. But the entirety of their motion is based on a false premise. There is no TRO to continue, because it expired in mid-August after their request to extend the TRO was denied. Accordingly, regardless of whether Plaintiff established a *prima facie* case for requiring a TRO to protect its rights, any alleged concerns necessitating the TRO are no longer present in this case. Plaintiff faces no risk of irreparable harm—since the Objecting Defendants have discontinued selling the items in dispute—and there is no inadequate remedy at a law—because monetary damages is the prescribed remedy for this type of patent dispute. Plaintiff's motion is nothing more than a transparent attempt to reinstate a chokehold on the Objecting Defendants' eCommerce accounts, which contain funds from sales of far more than just the disputed items, in order to coerce a higher settlement amount. Thus, an injunction is not proper and Plaintiff's motion for a preliminary injunction should be denied.

A. <u>There is No Risk of Irreparable Harm and There is an Adequate Remedy at Law Because Monetary Damages are the Prescribed Remedy for Alleged Patent Infringement</u>.

In its *Memorandum in Support for Entry of a Preliminary Injunction*, Plaintiff identifies two reasons for why it is requesting the injunction: firstly, "to prevent further unlawful conduct by the Defendants," [Dkt. 26, p. 3]; and secondly, to freeze assets "given the likelihood that Defendants will simply transfer their assets in an attempt to evade any judgment against them entered by this Court" [Dkt. 26, pp. 4–5]. Neither reason is valid at this stage of the case.

Regarding the "prevent further unlawful conduct" allegation, the concern is rendered moot since the Objecting Defendants have ceased selling any of the accused products until after the disposition of this case, which they will only resume if then permitted to do so. *See* Decl. of Ni Liangmin for INFANS at ¶ 8 (attached as Exhibit A); Decl. of Wu Fengtong for Gymax LLC at

4

¶ 8 (attached as Exhibit B); Decl. of Sabine Sun for GoPlusUS at ¶ 8 (attached as Exhibit C); Decl. of Ni Liangmin for Costzon at ¶ 8 (attached as Exhibit D); Decl. of Li Qiaoyun for Honeyjoy at ¶ 8 (attached as Exhibit E). Therefore, there is no future harm to Plaintiff to be prevented by a preliminary injunction, and Plaintiff's first allegation regarding "unlawful conduct" is baseless.

Notably, Plaintiff's "unlawful conduct" allegation is outlined in a couple sentences of a single page in its *Memorandum in Support for Entry of a Preliminary Injunction*. [Dkt. 26, p. 3]. Its other allegation—the need for an asset freeze—is outlined in almost two full pages[1] [*Id.* pp.4–5], thereby signaling that the asset freeze is the more coveted request for Plaintiff. This is expected of these "Schedule A" cases, since such an account freeze holds all disbursements from a financial account (not just disbursements related to relevant product sales), thereby imposing disproportionate economic hardship on the defendants and providing undue leverage to plaintiffs during settlement negotiations. Plaintiff repeats typical "Schedule A" language in its pleadings, alleging some type of conspiratorial or probable plan to abscond and transfer ill-gotten profits to offshore accounts. This is nothing more than an attempt to squeeze this patent-infringement case into a traditional "Schedule A" counterfeiting case, cases that are much more appropriate for trademark law, which includes statutory damages. But this is not a trademark case wherein reputational harm is at issue—this is a patent case with monetary damages prescribed as the remedy. The allegation that all foreign defendants in this case are predisposed to act unethically is rich since Plaintiff itself is a foreign national operating in the U.S.[2] There is no actual evidence

---

[1] Plaintiff's allegation they may suffer harm if "the asset freeze is not continued" is also disingenuous because, as noted above, there is no asset freeze to continue. The TRO expired on August 12, 2024, when the Court denied Plaintiff's request for an extension. Plaintiff then waited eleven days to file a motion for preliminary injunction. All defendants are now aware of this lawsuit based entirely on the fact that Plaintiff failed to post a timely bond and was dilatory in submitting its preliminary injunction papers.

[2] This statement is based entirely on the statement in Plaintiff's Complaint that Plaintiff is incorporated in Ningbo, China. Objecting Defendants did not find a Notification as to Affiliates filed by Plaintiff despite

5

on the record that any defendant will move funds to avoid judgment, only typical "Schedule A" conjecture.

A preliminary injunction is "an extraordinary and drastic remedy," not a tool for insuring a Plaintiff's entire legal theory. *See Goodman*, 430 F.3d at 437 (discussing the extraordinary nature of a preliminary injunction). An injunction is meant to provide relief when no adequate relief is available. Patent law prescribes monetary damages as the remedy for patent infringement. *See* 35 U.S.C. § 284. Licenses and ongoing royalties are available should a patent holder not wish to continuously collect on damages under patent law. Thus, an adequate remedy at law exists in the event any damages can be established. Here, however, Plaintiff has not pled a single fact to substantiate that any damages have accrued.

To establish damages, Plaintiff must show that each defendant was on notice of its patent and any alleged infringement thereof. Patent law provides that "Patentees, and persons making, offering for sale, or selling within the United States any patented article… may give notice to the public that the same is patented" by marking the product as patented, and "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter…." 35 U.S.C. § 287. There are two ways to prove this required notice: (1) constructively by marking a product or (2) actually by informing the alleged infringer of the patent. *See Smith v. Dental Prods. Co.*, 140 F.2d 140, 151 (7th Cir. 1944) ("One of these two things, marking the articles, or notice to the infringers, is made by the statute a prerequisite to the patentee's right to recover damages against them."); *see also Componex Corp. v. Elecs. for Imaging, Inc.*, 58 F. Supp. 3d 912, 922 (W.D. Wis. 2014) (granting

---

Local Rule 3.2(d) requiring one be submitted with a party's first filing—though this is not surprising considering Plaintiff's failure to seek leave to file the case anonymously, Plaintiff's failure to timely file unredacted versions of the complaint, and Plaintiff's failure to timely post bond.

summary judgment regarding pre-suit damages because plaintiff provided no evidence of "actual notice of a specific charge of infringement"). Here, Plaintiff has wholly failed to establish either method of notice.

Regarding "**constructive**" notice, Plaintiff has not alleged that it has marked any products as being patented. In the Amended Complaint, Plaintiff states that "Plaintiff Products are distributed and sold to consumers throughout the United States," and that "Plaintiff Products are known for their distinctive patented design." [Dkt. 9, pp. 3–4]. What Plaintiff failed to do, however, is state that any of the "Plaintiff Products" it was selling were marked as patented. Moreover, there are no documents or declarations appended to either the Amended Complaint or Plaintiff's motion papers to support the use of a marked product. As such, there is no basis to find the Objecting Defendants were on constructive notice of the alleged infringement.

Regarding "**actual**" notice, Plaintiff has not pled that the Objecting Defendants were ever notified of the alleged infringement prior to the lawsuit, and Plaintiff has not pled or alleged that the Objecting Defendants were made aware of the alleged infringement at least until the eCommerce stores effectuated the asset freeze sometime after the July 29, 2024 TRO. *See Pipp Mobile Storage Sys.*, 2022 WL 157491, at *3 ("The actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise." (*citing Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021)) (original alternations omitted)). In fact, Plaintiff's entire strategy for this lawsuit so far has been to *avoid* providing notice to the Objecting Defendants. Plaintiff filed the original Complaint under seal[3] and did not list a patent number or provide a copy of the asserted patent [Dkts. 1, 6]; Plaintiff filed

---

[3] Albeit without leave to do so.

its motion for TRO *ex parte*, alleging "[t]he TRO must be granted without notice" [Dkt. 15, p. 3]; and Plaintiff still has not served the Objecting Defendants. Plaintiff's strategy thus far, therefore, is inapposite to a finding of damages, and Plaintiff has not proffered even a plausible allegation that it has provided the required notice of alleged infringement—there is no irreparable harm at issue in this case with respect to any damages.

In summary, Plaintiff's allegation that the preliminary injunction is necessary to stop future misconduct is rendered moot by the fact that the Objecting Defendants will not sell any of the accused products until a final disposition of this case. Further, because there is an adequate remedy at law, an injunction is wholly unwarranted. The requested "asset freeze" is improper, and there is no reason to believe Plaintiff has suffered any damages due to Plaintiff's failure to provide requisite notice of alleged infringement, either constructive or actual. *See Pipp Mobile Storage Sys.*, 2022 WL 157491, at *10 (denying pre-suit damages).

B. <u>To the Extent Plaintiff is Entitled to a Remedy, the Objecting Defendants will Bear the Brunt of the Harm Caused by the Requested Account Freeze</u>.

The Plaintiff in its motion for a preliminary injunction states that it seeks this Court to "continue" the asset freeze, but there is nothing to continue. [Dkt. 26, p. 5]. The Objecting Defendants, and other defendants, had their accounts frozen by the eCommerce stores, the TRO expired, and Plaintiff purportedly informed the eCommerce stores of the expiration so as to unfreeze the accounts. [Dkt. 26, p. 2]. Therefore, any harm that Plaintiff alleges could have been caused was caused by Plaintiff's failure to meet deadlines and faithfully litigate its case.

Regardless, merely repeating the language from "Schedule A" pleadings is not a "clear showing" that Plaintiff has carried "the burden of persuasion" that they will suffer the brunt of the harm in this case. *See Goodman*, 430 F.3d at 437. Plaintiff alleges that it manufactures or distributes goods embodying the patented design, but, as noted above, Plaintiff has provided no

8

proof that those goods are marked pursuant to the statute, nor have any of the Objecting Defendants been made aware of the patent-at-suit except for in the context of this lawsuit. Ex. A at ¶ 7; Ex. B at ¶ 7; Ex. C at ¶ 7; Ex. D at ¶ 7; Ex. E at ¶ 7.

Accordingly, Plaintiff did not suffer any harm prior to the initiation of this lawsuit, or specifically before the TRO effectuated the asset freeze, because damages did not accrue. Further, the Objecting Defendants will not engage in any further sales unless permitted to do so at the resolution of this case. *See* Ex. A at ¶ 8; Ex. B at ¶ 8; Ex. C at ¶ 8; Ex. D at ¶ 8; Ex. E at ¶ 8. In summary, Plaintiff has failed to establish that it suffered prior damages and or that it will continue to suffer damages with respect to the Objecting Defendants.

Any harm to the Plaintiff is minimal, if any, and the harm to the Objecting Defendants is that their entire financial accounts with an eCommerce platform will be frozen—thereby holding revenues from sales of products not even tangentially related to rolling suitcases. To the extent Plaintiff is entitled to a remedy, the Objecting Defendants will bear the brunt of the harm caused by the requested account freeze. Accordingly, this Court should deny the motion for preliminary injunction.

### C. The Public Interest is not Served by Freezing Financial Accounts.

In its request for the TRO, Plaintiff alleges that the TRO is an attempt to stop infringing activities. [Dkt. 15, p. 12]. Yet there is a remedy for this—Plaintiff can request an order seeking the eCommerce stores to delist the allegedly infringing products. Plaintiff is also seeking account freezes. As stated above, the Plaintiffs have failed to establish that it has suffered any past damages, and the Objecting Defendants have reason to believe there are none. This request appears to be nothing more than for a transparent attempt to secure leverage to negotiate disproportionate nuisance settlements.

There is no public interest served by a Plaintiff leveraging undue settlement demands from defendants in U.S. courts. Plaintiff can instead request that the eCommerce stores to cease sales of the allegedly infringing products. However, the Objecting Defendants have already voluntarily agreed that they will no longer sell the allegedly "Infringing Products" until the final disposition of this case. The public interest is not served by freezing the financial accounts. This Court should deny the motion for preliminary injunction.

**WHEREFORE**, the Objecting Defendants request that this Honorable Court deny Plaintiff's motion for a preliminary injunction.

Dated this 5th day of September 2024      Respectfully submitted,

/s/ Christina J. Lesko_____
Christina J. Lesko, IL BAR #6306427
227 West Monroe Street, Suite 3900
Chicago, IL 60606
312-759-1922
christina.lesko@troutman.com

*Attorneys for Defendants* INFANS, Gymax LLC, GoPlusUS, Costzon, and Honeyjoy