**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ningbo Port Zhonngdi Luggage Manufacturing Limited, | ) ) ) | Case No. 1:24-cv-5031 |
| | ) | District Judge LaShonda A. Hunt |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) ) | |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO AMENDED COMPLAINT

NOW COMES Defendants, Gymax, Infans, GoPlus, Costzon and Honeyjoy ("Answering Defendants"), by and through its undersigned counsel, Troutman Pepper Hamilton Sanders LLP, and in Answer to Plaintiff's Amended Complaint (the "Complaint"), states as follows:

### NATURE OF THE ACTION

1.       This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's intellectual property by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use unauthorized and unlicensed products that infringe Patent-in-Suit ("Infringing Products"). Defendants create e-commerce stores operating under one or more aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. E-commerce stores operating under the aliases share unique identifiers establishing a logical relationship between them, suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more aliases to conceal both their identities and the full scope and interworking of their operation. Plaintiff has filed this action to combat Defendants'

infringement of Plaintiff's patented designs, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of Plaintiff's lawful patent rights to exclude others from, inter alia, making, using, selling, offering for sale, and importing Plaintiff's patented designs as a result of Defendants' actions, and, as a result, Plaintiff seeks injunctive and monetary relief.

**ANSWER:** The allegations contained in Paragraph 1 of the Complaint contain a characterization of this action, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 1 insofar as those allegations are directed at Answering Defendants.

## Parties

2. Plaintiff is a limited liability company incorporated in Ningbo China, and is the owner of the Patent-in-Suit.

**ANSWER:** Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 2 of the Complaint, and therefore deny the same.

3. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff (collectively, "Seller Aliases"). On information and belief, Defendants reside and/or operate in the People's Republic of China, or other foreign jurisdictions, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). On information and belief, Defendants either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by

2

Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**ANSWER:** Answering Defendants admit that they operate e-commerce stores. Defendants Gymax, GoPlus, and Honeyjoy deny that they reside in the People's Republic of China or other foreign jurisdictions. Answering Defendants admit that they operate in the People's Republic of China or other foreign jurisdictions. Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 3 as to any other defendant identified by Plaintiff. Answering Defendants deny the remaining allegations contained in Paragraph 3.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338 (for claims arising under the U.S. Patent Act).

**ANSWER:** The allegations contained in Paragraph 4 of the Complaint state legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois and this judicial district, through at least the fully interactive, e-commerce stores[1] operating under the

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

Seller Aliases. Specifically, Defendants have targeted sales to Illinois residents (including residents in this judicial district) by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois and this judicial district, accept payment in U.S. dollars and, on information and belief, have offered to sell and/or sold products featuring Patent-in-Suit to residents of Illinois (including residents in this judicial district). Each of the Defendants is committing tortious acts in Illinois (including in this judicial district), is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois (including in this judicial district).

**ANSWER:** The allegations contained in Paragraph 5 of the Complaint state legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

### Plaintiff's Business

6. Plaintiff is engaged in the design, distribution, marketing, offering for sale, and sale of various industrial designs and consumer products since 2019, including without limitation Ride-on Luggage ("Plaintiff Products").

**ANSWER:** Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 6 of the Complaint, and therefore deny the same.

7. The Plaintiff Products are distributed and sold to consumers throughout the United States, including in Illinois and in this judicial district.

**ANSWER:** Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 7 of the Complaint, and therefore deny the same.

8.    Plaintiff Products are known for their distinctive patented design. This design is broadly recognized by consumers. Products tailored after this design (herein referred to as the "Plaintiff Design") are associated with the quality and innovation that the public has come to expect from Plaintiff Products.

**ANSWER:**    Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 8 of the Complaint, and therefore deny the same.

### Defendants' Unlawful Conduct

9.    Plaintiff has identified numerous fully interactive, ecommerce stores, including those operating under the Seller Aliases, which are or recently were offering for sale and/or selling Infringing Products to consumers in this judicial district and throughout the United States.

**ANSWER:**    The allegations contained in Paragraph 9 of the Complaint state legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied.

10.    It has been estimated that e-commerce intellectual property infringement costs merchants in the U.S. alone nearly $41 billion[2] with Department of Homeland Security seizures of infringing goods increasing more than tenfold between 2000 and 2018.[3]

---

[2] The National Bureau of Asian Research, The Report of the Commission on the Theft of American Intellectual Property, at 9, Pub. The Commission on the Theft of American Intellectual Property 2017, available at http://www.ipcommission.org/report/IP_Commission_Report_Update_2017.pdf.

[3] U.S. Department of Homeland Security, Combating Trafficking in Counterfeit and Pirated Goods Report to the President of the United States, January 24, 2020, available at https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

**ANSWER:**   Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 10 of the Complaint, and therefore deny the same.

11.    Marketplaces like Amazon and Walmart, among others, allow merchants to quickly "set up shop" and flood the market with unauthorized goods which displace actual sales that manufacturers would otherwise enjoy.

**ANSWER:**   Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 11 of the Complaint, and therefore deny the same.

12.    U.S. Customs and Border Protection ("CBP") reported that for Fiscal Year 2019, 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large cargo containers) and 85% of CBP seizures originated from mainland China, Singapore, and Hong Kong. Footwear and sporting goods, specifically, represented 17% of all seized products and the value of seized goods increased 11% to more than $1.5 billion.[4]

**ANSWER:**   Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 12 of the Complaint, and therefore deny the same.

---

[4] U.S. Customs and Border Protection Office of Trade, Intellectual Property Rights Fiscal Year 2019 Seizure Statistics, available at, https://www.cbp.gov/sites/default/files/assets/documents/2020-Sep/FY%202019%20IPR%20Statistics%20Book%20%28Final%29.pdf.

13.     Legislation was recently introduced in the U.S. Senate that would allow CBP to seize articles that infringe design patents, thus closing a loophole currently exploited by infringers.[5]

**ANSWER:**     Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 13 of the Complaint, and therefore deny the same.

14.     Infringing and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

**ANSWER:**     Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 14 of the Complaint, and therefore deny the same.

15.     Third party service providers like those used by Defendants do not adequately subject new sellers to robust verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[6]

**ANSWER:**     Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 15 of the Complaint, and therefore deny the same.

---

[5] Press Release, U.S. Senator Thom Tillis, Tillis, Coons, Cassidy & Hirono Introduce Bipartisan Legislation to Seize Counterfeit Products and Protect American Consumers and Businesses (Dec. 5, 2019), available at https://www.tillis.senate.gov/2019/12/tillis-coons-cassidy-hirono-introduce-bipartisan-          legislationto-seize-counterfeit-products-and-protect-american-consumers-and-businesses.

[6] Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020).

16.     DHS has observed that "at least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts.[7]

**ANSWER:**     Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 16 of the Complaint, and therefore deny the same.

17.     Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated.[8]

**ANSWER:**     Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 17 of the Complaint, and therefore deny the same.

18.     Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringement]."[9]

**ANSWER:**     Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 18 of the Complaint, and therefore deny the same.

---

[7] Combating Trafficking in Counterfeit and Pirated Goods Report to the President of the United States, at p. 22.

[8] Id., at p. 39.

[9] Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. At 186-187.

19.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores which target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois and this judicial district, accept payment in U.S. dollars and, on information and belief, have offered to sell or sold Infringing Products to residents of Illinois and this judicial district.

**ANSWER:**     The allegations contained in Paragraph 19 of the Complaint state legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied. Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 19 as to any other defendant identified by Plaintiff.

20.     Defendants collectively employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images which make it very difficult for consumers to distinguish such stores from those of an authorized retailer. Plaintiff has not licensed or authorized Defendants to use the Plaintiff Design and, on information and belief, none of the Defendants are authorized retailers of genuine Plaintiff Products.

**ANSWER:**     Paragraph 20 of the Complaint contains allegations that state legal conclusions, to which no response is required. To the extent a response is required, and the allegations are contrary to the law, they are denied. Answering Defendants lack sufficient

information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 20 as to any other defendant identified by Plaintiff. Answering Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint insofar as those allegations are directed at Answering Defendants.

21.     On information and belief, Defendants engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to their respective e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

**ANSWER:**     Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 21 as to any other defendant identified by Plaintiff. Answering Defendants deny the allegations contained in Paragraph 21 of the Complaint insofar as those allegations are directed at Answering Defendants.

22.     On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being halted.

**ANSWER:**     Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 22 as to any other defendant identified by Plaintiff. Answering Defendants deny the allegations contained in Paragraph 22 of the Complaint insofar as those allegations are directed at Answering Defendants.

23.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with

common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and product imagery.

**ANSWER:** Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 23 as to any other defendant identified by Plaintiff. Answering Defendants deny the allegations contained in Paragraph 23 of the Complaint insofar as those allegations are directed at Answering Defendants.

24. Additionally, Infringing Products for sale by the Seller Aliases bear similar irregularities and indicia of being unauthorized, suggesting that the Infringing Products were manufactured by and come from a common source - or at most two sources - and that Defendants are interrelated and acting in concert.

**ANSWER:** Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 24 as to any other defendant identified by Plaintiff. Answering Defendants deny the allegations contained in Paragraph 24 of the Complaint, insofar as those allegations are directed at Answering Defendants.

25. On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com and WeChat chat rooms and through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

**ANSWER:** Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 25 as to any other defendant identified by Plaintiff. Answering Defendants deny the allegations contained in Paragraph 25 of the Complaint insofar as those allegations are directed at Answering Defendants.

26. In the course of Plaintiff's investigation, a substantial number of Defendants cancelled product orders submitted by Plaintiff, suggesting that Defendants are interrelated and/or acting in concert to alert one another of order similarities which may indicate a potential lawsuit.

**ANSWER:** Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 26 of the Complaint, and therefore deny the same.

27. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore bank accounts outside the jurisdiction of this Court and will do so to avoid payment of any monetary judgment awarded to Plaintiff by this Court.

**ANSWER:** Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 27 as to any other defendant identified by Plaintiff. Answering Defendants admit that they have offshore bank accounts and that, as part of the ordinary operation of the Answering Defendants' respective businesses, money is moved to and from these accounts. Answering Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint, insofar as those allegations are directed at Answering Defendants.

28. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for

sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Patent-in-Suit. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Illinois, including this judicial district, and, on information and belief, each Defendant has offered to sell or sold Infringing Products into the United States and Illinois, including this judicial district, over the Internet.

**ANSWER:** Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 28 as to any other defendant identified by Plaintiff. Answering Defendants admit that they offer sales and shipping to the United States, including Illinois, of the allegedly Infringing Products. Answering Defendants deny the remaining allegations contained in Paragraph 28 of the Complaint, insofar as those allegations are directed at Answering Defendants.

29. Defendants' infringement of the Patent-in-Suit in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

**ANSWER:** Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 29 as to any other defendant identified by Plaintiff. The allegations contained in Paragraph 29 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 29 of the Complaint, insofar as those allegations are directed at Answering Defendants.

13

30.    Defendants' infringement of the Patent-in-Suit in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, including this judicial district, is irreparably harming Plaintiff.

**ANSWER:**    Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 30 as to any other defendant identified by Plaintiff.  The allegations contained in Paragraph 30 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 30 of the Complaint, insofar as those allegations are directed at Answering Defendants.

## Count I - Patent Infringement (35 U.S.C. § 271)

31.    Plaintiff repeats and realleges the allegations of Paragraphs 1-30 as if fully set forth herein.

**ANSWER:**    Answering Defendants restate and reallege its answers to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.    Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in Patent-in-Suit.

**ANSWER:**    Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 32 as to any other defendant identified by Plaintiff.  The allegations contained in Paragraph 32 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required,

14

Answering Defendants deny the allegations contained in Paragraph 32 of the Complaint, insofar as those allegations are directed at Answering Defendants.

33.     Defendants have infringed Patent-in-Suit through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of Plaintiff's lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**ANSWER:**     Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 33 as to any other defendant identified by Plaintiff.  The allegations contained in Paragraph 33 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 33 of the Complaint, insofar as those allegations are directed at Answering Defendants.

34.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**ANSWER:**     Answering Defendants lack sufficient information with which to form a belief as to the truth and/or accuracy of the allegations contained in Paragraph 34 as to any other defendant identified by Plaintiff.  The allegations contained in Paragraph 34 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 34 of the Complaint, insofar as those allegations are directed at Answering Defendants.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the designs claimed in the Plaintiff Design;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Plaintiff Design; and

    c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b) above.

B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon and Walmart (collectively, "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental designs claimed in the Patent-in-Suit;

C. That Plaintiff be awarded such damages as Plaintiff shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Plaintiff Design, but in no event less than a reasonable royalty for the use made of the inventions by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

**D.** That the amount of damages awarded to Plaintiff to compensate it for infringement of the Patent-in-Suit be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

**E.** In the alternative, that Plaintiff be awarded all profits realized by Defendants from their infringement of the Patent-in-Suit, pursuant to 35 U.S.C. § 289;

**F.** That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

**G.** Award any and all other relief that this Court deems just and proper.

**ANSWER:** Answering Defendants state that they are not liable to Plaintiff under any theory whatsoever, and further deny that Plaintiff is entitled to any of the relief sought in the unenumerated "WHEREFORE" paragraph immediately following Paragraph 34 of the Complaint against Answering Defendants.

## AFFIRMATIVE DEFENSES

Answering Defendants hereby set forth the following affirmative and other defenses to the Complaint. By asserting the defenses below, Answering Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor do Answering Defendants admit that Plaintiff is relieved of its burden to prove each and every elements of its claims and the damages, if any, to which it is entitled.

### First Defense
### (Invalidity and/or Unenforceability of U.S. Patent No. D938,724)

Plaintiff's Complaint fails insofar as the claim of U.S. Patent No. D938,724 (the "'724 patent") is invalid and/or unenforceable for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103, 112, and 116, and/or

invalid under any other ground provided by 35 U.S.C. § 282, and/or invalid based on other judicially-created bases for invalidity and/or unenforceability.

**Second Defense**
**(Non-Infringement of U.S. Patent No. D938,724)**

Plaintiff has failed to aver any facts that support its allegations of infringement by the Answering Defendants' products. The Answering Defendants' accused products do not infringe and have not infringed the claim of the '724 patent.

**Third Defense**
**(Failure to State a Claim)**

The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Answering Defendants reserve the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all of Plaintiff's claims.

**Fourth Defense**
**(Failure to Mitigate Damages)**

Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate their damages.

**Fifth Defense**
**(Equitable Estoppel, Waiver, and Acquiescence)**

Plaintiff's claims for relief are barred by the doctrine of waiver, acquiescence, and/or estoppel.

**Sixth Defense**
**(Unclean Hands)**

Plaintiff's claims for relief are barred by the doctrine of unclean hands.

### Seventh Defense
### (Patent Misuse)

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of patent misuse.

### Eighth Defense
### (No Willfulness)

In the event any of the Answering Defendants were found to infringe the '724 patent, such infringement was not willful.

### Ninth Defense
### (No Attorneys' Fees)

Plaintiff is precluded from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

### Tenth Defense
### (No Injunctive Relief)

Plaintiff is not entitled to any injunctive relief under any theory because of, but not limited to, at least the following reasons: (1) any alleged injury to Plaintiff is not immediate or irreparable; (2) in the unlikely event Plaintiff prevails, Plaintiff has an adequate remedy at law; and/or (3) public policy concerns weigh against any injunctive relief.

### Eleventh Defense
### (Unavailability of Relief – Bar to Damages, Failure to Mark, Lack of Notice)

The Answering Defendants are not liable to Plaintiff and Plaintiff's damages are limited to the extent that Plaintiff, any predecessors-in-interest, and/or licensees to the '724 patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that the Answering Defendants' actions allegedly infringed the '724 patent.

### Twelfth Defense
### (Failure to Join a Party under Rule 19)

Plaintiff's claims fail insofar as Plaintiff has failed to join a party required under Rule 19.

### Thirteenth Defense
### (Lack of Standing)

Plaintiff lacks standing to assert infringement of the '724 patent because it did not have sufficient rights in those patents at the time the suit was filed.

### Fourteenth Defense
### (Additional Defenses or Claims)

At all times relevant, Answering Defendants acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law. Defendants reserve the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Answering Defendants pray this Court dismiss Plaintiff's Complaint in its entirety, award Answering Defendants its cost of this suit, including attorney's fees, and for grant such other relief as this Court deems just and proper.

Dated this 2nd day of October 2024.　　　Respectfully submitted,

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By /s/ Christina J. Lesko
Christina J. Lesko, IL Bar #6306427
227 West Monroe Street, Suite 3900
Chicago, IL 60606
312-759-1922
christina.lesko@troutman.com

*Attorneys for Defendants Gymax, Infans, GoPlus, Costzon and Honeyjoy*