THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NINGBO PORT ZHONNGDI LUGGAGE MANUFACTURING LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>    Defendants. | Case No. 24 C 5031<br><br>Honorable LaShonda A. Hunt |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff Ningbo Port Zhonngdi Luggage Manufacturing Limited's ("Plaintiff") Motion for Entry of Preliminary Injunction, this Court, having reviewed the Joint Stipulation for Entry of Preliminary Injunction [ECF No. 48], hereby Orders as follows:

Defendants INFANS, Gymax LLC, GoPlusUS, Costzon, and Honeyjoy (collectively, the "Stipulating Defendants"), their officers, agents, employees, and other persons acting on their behalf are preliminarily enjoined and restrained from making, selling, offering for sale or importing (and from causing with actual knowledge any making, selling, offering for sale, or importing) any product offered for sale or sold through the URLs listed in Schedule A of the Amended Complaint [ECF No. 14] during the pendency of this lawsuit. Plaintiff's petition for an asset restraint against the Stipulating Defendants is hereby denied at this time. All other relief sought by Plaintiff and the Stipulating Defendants through filings relating to the Motion for Entry of Preliminary Injunction [ECF No. 26] is hereby denied.

1

This Order does not affect any parties' rights or obligations under agreements previously entered into between the parties.

Further, this Order does not affect the Plaintiff's rights or claims with respect to any defendants other than the Stipulating Defendants. Specifically, with respect to Defendant Amijoyping ("Amijoyping"), which is not one of the Stipulating Defendants, the Court finds that Plaintiff has provided notice to Amijoyping in accordance with the Temporary Restraining Order entered on July 29, 2024, [ECF No. 21] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court finds that it has personal jurisdiction over Amijoyping because Amijoyping directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Amijoyping has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold products using infringing and counterfeit versions of Plaintiff's federally registered patent design (the "Plaintiff's Patent Design") to residents of Illinois.

This Court also finds that the injunctive relief previously granted in the TRO should resume through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of design patent infringement because (1) Plaintiff's Patent Design is registered with the U.S. Patent and Trademark Office

under the claim of ornamental design for ride-on luggage, (2) Amijoyping is not licensed or authorized to use Plaintiff's Patent Design, and (3) a comparison of Plaintiff's design and Amijoyping's design shows that the two are so similar that an ordinary purchaser, familiar with the prior art, would be deceived by the similarity between the claimed design and the accused designs, inducing him to purchase one supposing it to be the other. Furthermore, Amijoyping's continued and unauthorized use of Plaintiff's Patent Design irreparably harms Plaintiff through loss of market share, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Amijoyping's actions.

Accordingly, with respect to Amijoyping, the Court orders as follows:

1. Amijoyping and Amijoyping's officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with Amijoyping be preliminarily enjoined and restrained from:

    a. using the Plaintiff's Patent Design or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Patent Design;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Patent Design;

    c. committing any acts calculated to cause consumers to believe that Amijoyping's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's patents, including the Plaintiff's Patent Design, or any reproductions, counterfeit copies, or colorable imitations.

2. Upon Plaintiff's request, Amijoyping and any third party with actual notice of this Order who is providing services for Amijoyping, or in connection with any of Online Marketplaces of Amijoyping, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Amijoyping, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Amijoyping's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying

4

        information associated with the Online Marketplaces and Amijoyping's financial accounts, including Amijoyping's sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Amijoyping, including Amijoyping's officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Amijoyping in connection with the sale of counterfeit and infringing goods using the Plaintiff's Patent Design. Any Third-Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order locate all accounts and funds connected to Amijoyping's seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2-3 to the Declaration of Toby Futter, and any e-mail addresses provided for Amijoyping by third parties

4. Plaintiff may provide notice of the proceedings in this case to Amijoyping, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by

electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2-3 to the Declaration of Toby Futter and any e-mail addresses provided for Amijoyping by third parties.

The $10,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

DATED: October 7, 2024          ENTERED:

*LaShonda A. Hunt*
LASHONDA A. HUNT
United States District Judge

6