**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Ningbo Port Zhonngdi Luggage Manufacturing Limited, | ) ) ) | Case No. 1:24-cv-5031 District Judge LaShonda A. Hunt |
| Plaintiff, | ) ) | |
| vs. | ) | |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) ) ) | |
| Defendants. | ) ) ) | |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. <u>Rule 26(f)</u>. The following persons participated in a Rule 26(f) conference on October 11, 2024, by teleconference:

    Ilya Zlatkin, representing the Plaintiff;

    Qin Li, representing the Plaintiff;

    Christina Lesko, representing Gymax LLC, Infans, GoPlusUS, Costzon and Honeyjoy ("Answering Defendants"); and

    Brandon Reed, representing the Answering Defendants.

2. <u>Initial Disclosures</u>. The parties will complete by November 18, 2024, the initial disclosures required by Rule 26(a)(1).

3. <u>Disclosures and Discovery Pursuant to Local Patent Rules</u>. The parties acknowledge that the requirements of the Local Patent Rules apply to this case. Answering Defendants timely served their Initial Disclosures under Local Patent Rule 2.1 on October 16, 2024. Plaintiff has not yet served their Local Patent Rule 2.1 Initial Disclosures.

4. <u>Additional Discovery Plan</u>. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

    (a) Each party may serve up to 25 interrogatories on any other party. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.

    (b) Each party may serve up to 25 requests for admission on any other

1

      party. The responding party must serve its answers and any objections within 30 days after being served with the requests for admission.

    (c)    Each party may take up to 10 factual depositions.

    (d)    Each deposition is limited to a maximum of 7 hours on the record.

    (e)    Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5. Other Dates:

    (a)    Supplementations under Rule 26(e) should be made by January 3, 2025, and thereafter as necessary, but no later than 30 days before the close of discovery.

    (b)    If the parties request to meet with the court before a scheduling order is issued, such a meeting shall be scheduled for November 4, 2024, at 10:00 AM CT.

    (c)    The pretrial conference is requested to be held on December 1, 2025, at 10:00 AM. This date is set a few weeks before the trial date.

    (d)    The final date for the Plaintiff to amend pleadings or to join parties shall be December 2, 2024.

    (e)    The final date for the Answering Defendants to amend pleadings or to join parties shall be January 20, 2025.

    (f)    The final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be November 3, 2025.

    (g)    The final date to file objections under Rule 26(a)(3) shall be November 10, 2025.

    (h)    The trial is requested to commence on January 12, 2026.

6. Other Items:

    (a)    The parties believe settlement negotiations will be successful, but Plaintiff has not engaged with any demand, so plaintiffs are awaiting such communication.

    (b)    In the case that the parties do not reach settlement, the Answering

        Defendants reserve the right to request a Settlement Conference with a magistrate judge.

(c) Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

(d) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

(e) A jury trial is not requested, so the parties do not agree the video "The Patent Process: An Overview for Jurors" or any subsequent version of same distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

(f) The parties agree that the provisions of Sections 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§102, 103 apply to all patents-in-suit in this case.

(g) Per Local Patent Rule 3.5(b), we advise with respect to U.S. Patent No. D938,724:

    (1) The patent in suit is eligible to be challenged at the USPTO by each defendant;

    (2) The patent in suit is eligible to be challenged at the USPTO under inter partes review and ex parte reexamination;

    (3) A challenge can be submitted any time during the life of the patent;

    (4) The patent in suit has not been subject to a challenge at the USPTO to date; and

    (5) This is the only litigation involving the patent in suit.

(h) Drug or biological application not applicable.

(i) <u>Other Matters</u>. The Answering Defendants further note that they have reason to believe that the owner of the patent in suit did not authorize the present litigation. Plaintiff has failed to provide any confirmation as to the true identity of the persons or entities that filed the instant lawsuit.

Date: October 21, 2024 /s/ Qin Li

        Qin Li
        Concord & Sage P.C.
        1360 Valley Vista Dr., Suite 140
        Diamond Bar CA 91765
        Bar No. 349218
        liqin@concordsage.com

        Attorney for Plaintiff


Date: October 21, 2024 /s/ Christina J. Lesko

        Christina J. Lesko, IL Bar #6306427
        Troutman Pepper Hamilton Sanders LLP
        227 West Monroe Street, Suite 3900
        Chicago, IL 60606
        christina.lesko@troutman.com
        312-759-1922

        Attorney for Defendants Gymax LLC, Infans,
        GoPlusUS, Costzon and Honeyjoy